**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MSR Biltmore Resort, LP; Arizona Biltmore Hotel Master Association,<br><br>    Plaintiffs,<br><br>vs.<br><br>Arizona Biltmore Hotel Villas Condominiums Association,<br><br>    Defendant. | No. CV 11-01252-PHX-FJM<br><br>**ORDER** |

    The court has before it plaintiffs' motion for partial summary judgment (doc. 53), plaintiffs' separate statement of facts in support (doc. 54), defendant's response (doc. 55), defendant's controverting statement of facts and additional facts (doc. 56), and plaintiffs' reply (doc. 57).

    This action stems from a dispute over the use of a parking lot located next to the Arizona Canal and the Arizona Biltmore Resort and Spa ("Hotel"). The Salt River Project ("SRP") manages the canal on behalf of the United States. On September 3, 2010, the Arizona Biltmore Hotel Villas Condominiums Association ("Villas Association") filed a complaint for declaratory relief against the Arizona Biltmore Hotel Master Association ("Master Association") in the Superior Court of Arizona in Maricopa County. Plaintiffs filed this action on June 24, 2011, seeking relief under the Quiet Title Act, 28 U.S.C. § 2409a, declaratory and injunctive relief. On March 2, 2012, plaintiffs voluntarily dismissed all

1  claims against the United States and SRP. On March 6, 2012, the court dismissed defendant
2  Flood Control District of Maricopa County pursuant to stipulation.

3        Plaintiffs seek summary judgment as to count two of their complaint. They ask for
4  a declaration that (1) "the Villas Association has no right to exclude MSR and the Master
5  Association from accessing and controlling the use of the disputed parking lot at issue," and
6  (2) "the Master Association has a right superior to that of the Villas Association to control
7  and manage the disputed parking lot consistent with the shared-use provisions of the Master
8  and Villas Declarations" (doc. 53 at 12). Defendant contends that the dispute is not ripe, that
9  the motion raises new issues not properly before the court, that the court lacks subject matter
10 jurisdiction, and that factual issues defeat summary judgment.

11       The question of subject matter jurisdiction is dispositive here. Plaintiffs have not
12 amended their complaint, but their dismissal of the United States means that the complaint's
13 only remaining claims arise under state law and seek relief under the Declaratory Judgment
14 Act, 28 U.S.C. § 2201. This statute enlarges the range of remedies available in federal court
15 but does not create jurisdiction. Countrywide Home Loans, Inc. v. Motrgage Guaranty Ins.
16 Corp., 642 F.3d 849, 852-53 (9th Cir. 2011). The court had jurisdiction over this case when
17 it was filed because the complaint asserted a claim under the Quiet Title Act, 28 U.S.C. §
18 2409a. See 28 U.S.C. § 1346(f). Jurisdiction over the remaining claims is supplemental.
19 Pursuant to 28 U.S.C. § 1367(c), we may decline to exercise supplemental jurisdiction if we
20 have dismissed all claims over which we have original jurisdiction.

21       "[I]n the usual case in which all federal-law claims are eliminated before trial, the
22 balance of factors to be considered under the pendant jurisdiction doctrine – judicial
23 economy, convenience, fairness, and comity – will point toward declining to exercise
24 jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S.
25 343, 350 n.7, 108 S. Ct. 614, 619 n.7 (1988). Issues of state law now dominate this action.
26 Our interest in comity would be frustrated by exercising supplemental jurisdiction over such
27 claims. Parallel state proceedings began more than nine months before this action
28 commenced. It will be just as convenient for the parties to litigate in state court as in federal

1 court. Judicial resources would be wasted by having two courts decide cases which
2 essentially mirror one another. And the potential for contradictory, unfair results is greatly
3 heightened by having parallel cases.

4     **IT IS ORDERED DISMISSING** this action, in its entirety, without prejudice.

5     **IT IS FURTHER ORDERED DENYING** plaintiffs' motion for partial summary
6 judgment on grounds of mootness (doc. 53).

7     DATED this 18th day of September, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge